UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

ASHLEY LOUISE SMITH,

                                      Chapter 11

        Debtor.

                                      Case No. 24-42257-ess

-------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEBTOR'S APPLICATION SEEKING APPOINTMENT OF DEBTOR'S FATHER AS GUARDIAN TO THE DEBTOR

      307 Grand Avenue Condominium ("Creditor") by and through its attorney, Charles A. Higgs, of The Law Office of Charles A. Higgs submits the following Memorandum of Law in Support of Debtor's Father's expedited application for the appointment of a guardian to the Debtor in the above Chapter 11 Bankruptcy Case. Creditor submits that the requested relief is appropriate pursuant to Sections 105(a) of the Bankruptcy Code, Fed. R. Bankr. P. 1004.1, 1016, 9014, 9029(b); and Fed. R. Civ. P. 17(c).

## BACKGROUND

      Subsequent to the Debtor filing the above Chapter 11 bankruptcy case, the Debtor apparently suffered a medical emergency resulting in the Debtor being in a coma. On July 24, 2024, Debtor's Father, Ralph Smith filed a Motion seeking an Order allowing Debtor's Chapter 11 case to continue and further seeking appointment of Debtor's Father as guardian ad litem to the Debtor. For the reasons further set forth herein, Creditor submits the requested relief.

## APPOINTMENT OF A GUARDIAN IS APPROPRIATE

      Creditor submits that the application by Debtor's father, made through Debtor's counsel, seeking the appointment of Debtor's father to serve as guardian to the Debtor in the above-captioned Chapter 11 case is appropriate and should be granted. The relief sought in Debtor's father's motion is permitted under the bankruptcy code. More specifically, Creditor submits that the relief sought can be appropriately granted pursuant to Section 105(a) of the Bankruptcy Code; Fed. R. Bankr. P. 1004.1, 1016, 9014, 9029(b); and Fed. R. Civ. P. 17(c).

      Fed. R. Bankr. P. 1016 of the Bankruptcy Code provides that:

> "Death or incompetency of the debtor shall not abate a liquidation case under chapter 7 of the Code. In such event the estate shall be administered and the case concluded in the same manner, so far as possible, as though the death or incompetency had not occurred. If a reorganization, family farmer's debt adjustment, or individual's debt adjustment case is pending under chapter 11, chapter 12, or chapter 13, the case may be dismissed; ***or if further administration is possible and in the best interest of the parties, the case may***

***proceed and be concluded in the same manner, so far as possible, as though the death or incompetency had not occurred.***" (Emphasis added)

Fed. R. Bankr. P. 1004.1 provides in part that:

"The court shall appoint a guardian ad litem for an infant or incompetent person who is a debtor and is not otherwise represented or shall make any other order to protect the infant or incompetent debtor."

In addition to the above provisions, Creditor submits that the bankruptcy code further recognizes a mentally impaired individual's right to seek relief under the bankruptcy code. *See*, 11 U.S.C. § 109(h)(4)[1] providing for waiver of the pre-bankruptcy credit counseling requirement where a Debtor is impaired by incapacity or disability.

In addition, the relief requested is appropriate pursuant to Fed. R. Civ. P. 17(c), which is made applicable to this proceeding pursuant to Fed. R. Bankr. P. 9014(c), which provides that Fed. R. Bankr. P. 7017 applies to contested matters. Fed. R. Bankr. P. 7017 in turn provides that Fed. R. Civ. P. 17 applies in adversary proceedings.

Movant submits that Debtor's motion constitutes a contested matter and that Fed. R. Bankr. P. 9014(c) and Fed. R. Civ. P. 17 is therefore applicable. "All disputes in bankruptcy,….are either adversary proceedings or contested matters." *In re Dynegy*, 770 F. 3d 1064, 1069 (2nd Cir. 2014). "Fed. R. Civ. P. 17(c) requires that when an "incompetent person" is not represented by a full-time guardian, the court "shall appoint a guardian ad litem for [that person] ... or shall make such other order as it deems proper" to protect the incompetent's interests." *Ferrelli v. River Manor Health Care Center*, 323 F. 3d. 196, 201 (2nd Cir. 2003).

Fed. R. Civ. P. 17(c) provides that:

"(c) Minor or Incompetent Person.

(1) *With a Representative.* The following representatives may sue or defend on behalf of a minor or an incompetent person:

(A) a general guardian;

(B) a committee;

---

[1] "….incapacity means that the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities; and "disability" means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under paragraph (1)." 11 U.S.C. 109(h)(4)

(C) a conservator; or

(D) a like fiduciary.

(2) *Without a Representative.* A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."

Creditor further submits that the Court has the ability to grant the relief requested pursuant to Section 105(a) of the Bankruptcy Code and Fed. R. Bankr. P. 1004.1, and 1016.

Section 105(a) of the Bankruptcy Code provides that:

"The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."

"The equitable power conferred . . . by section 105(a) is the power to exercise equity in carrying out the *provisions* of the Bankruptcy Code" *In re Smart World Technologies, LLC*, 423 F. 3d 166, 184 (2nd Cir. 2005). Thus, it is appropriate for the Court to use its equitable powers conferred under Section 105(a) to carry out the provisions contained in Fed. R. Bankr. P. 1004.1 and Fed. R. Bankr. P. 1016 with respect to an incompetent Debtor. The bankruptcy court can also grant the relief requested pursuant to Fed. R. Bankr. P. 9029(b), which provides that:

"A judge may regulate practice in any manner consistent with federal law, these rules, Official Forms, and local rules of the district. No sanction or other disadvantage may be imposed for noncompliance with any requirement not in federal law, federal rules, Official Forms, or the local rules of the district unless the alleged violator has been furnished in the particular case with actual notice of the requirement."

**FURTHER ADMINISTRATION OF THE CHAPTER 11 CASE IS POSSIBLE AND IN THE BEST INTEREST OF THE PARTIES**

As noted in Debtor's Father's Motion, the Debtor owns certain real property known as 307 Grand Avenue, Apartment 1, Brooklyn, New York 11238 (the "Grand Avenue Property"). As further noted in Debtor's Father's Motion, there is significant equity in the Grand Avenue Property, accordingly the Debtor has the ability to successfully reorganize and to pay the Debtor's Creditors in this Chapter 11 case through either a refinance or sale of the Grand Avenue Property. Creditor believes that at the moment, the continuation of the Chapter 11 case provides the quickest avenue for Creditors to be paid, as the New York State Courts still have a significant backlog of cases from the COVID pandemic. Additionally, the bankruptcy case also allows the administration of the estate to occur in a single proceeding as opposed to state court, where the creditors would have to bring a number of different proceedings, during which both the Creditors and the Debtor

would incur additional expenses that would deplete the equity in the Grand Avenue Property. Further, granting the relief requested and continuing the Chapter 11 bankruptcy case, would protect Creditors interest by allowing for the oversight by the Court and the U.S. Trustee to ensure that the Property remains insured and to further ensure that assets of the estate are not transferred or otherwise depleted to the detriment of the Debtor's creditors.

## RESERVATION OF RIGHTS

While Creditor is currently in support of the relief sought in Debtor's Father's Motion, nothing in this Memorandum of Law in Support should be construed as a waiver of Creditor's right in the future to seek the appointment of a Chapter 11 Trustee, Conversion of Debtor's Chapter 11 case to Chapter 7, to seek removal of the proposed Guardian, or to seek any other relief in the future.

## Conclusion

For the reasons set forth above, Creditor submits that Debtor's Father's Motion should be granted.

Dated: July 24, 2024
      Bedford Hills, NY

/s/ Charles A. Higgs
Charles A. Higgs, Esq.
Law Office of Charles A. Higgs
307 Grand Avenue Condominium
2 Depot Plaza, Ste. 4
Bedford Hills, NY 10507
(917) 673-3768
Charles@FreshStartESQ.com